ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM. *
This attorney disciplinary proceeding arises from formal charges instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, Hobart O. Pardue, an attorney licensed to practice law in the State of Louisiana. The charges primarily arise from respondent’s conviction for one count of willfully making and subscribing a false tax return.[1]
UNDERLYING FACTS
On April 6, 1995, respondent pled guilty in the United States District Court for the Middle District of Louisiana to one count of willfully making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1), a felony under federal law. The charge was based on respondent’s failure to report income of $213,348.30 and $182,-904.89 for the years 1988 and 1989, respectively. The court sentenced respondent to a three-year period of probation with six months to be served in a halfway house, and fined him $20,000, together with back taxes and penalties.
In an unrelated matter, respondent represented Patsy Tunnard and her minor son in a wrongful death suit instituted against the State of Louisiana. The ODC alleged that respondent contacted Thomas E. As-well, a claims adjuster for the Office of Risk Management of the State of Louisiana, and attempted to negotiate a settlement of the pending lawsuit, without the knowledge or consent of Glenn P. Marcel, counsel for the State of Louisiana. Subsequently, respondent spoke with State Representative Juba Diez and advised him to contact Mr. Aswell in an effort to facilitate a settlement.
I ¡.DISCIPLINARY PROCEEDINGS
After conducting an investigation, the ODC instituted formal charges against respondent. As to the tax matter, the ODC alleged that respondent engaged in a criminal act that adversely reflected on his honesty and moral fitness to practice law, in violation of Rule 8.4(b) of the Rules of Professional Conduct.[2] As to the Tunnard matter, the ODC alleged respondent improperly communicated with a party represented by counsel, in violation of Rule *226 4.2 of the Rules of Professional Conduct.[3]
Respondent filed an answer essentially denying any misconduct. A formal hearing was conducted and several parties, including respondent, testified. Respondent testified that he suffered two heart attacks in 1988, did not practice law for almost one year and had difficulty concentrating. In light of his medical condition, he filed his income tax returns “not caring whether the records were right or wrong.” He also asserted that rather than going through the full criminal process, he pled guilty so that he could spend more time with his wife, who had recently been diagnosed with cancer.
Respondent also presented the testimony of William Sykes, an accountant and former IRS agent. Mr. Sykes testified that it was the policy of the Criminal Investigation Division of the IRS that a person have at least three years of unstated income prior to prosecuting that person for criminal tax fraud. In the instant matter, he stated that the investigating agent examined respondent’s records from 1988, 1989, and 1990 and found no substantial mistakes or errors in the 1990 return, suggesting the 1988 and 1989 returns were an aberration.
Respondent’s cardiologist, Dr. Carl S. Luikart, testified respondent had suffered heart attacks in March, 1988 and August, 1988. He stated that the condition could have resulted in the | ¡¡respondent's lack of concentration, depression and confusion. When asked by disciplinary counsel whether the respondent’s lack of concentration could have affected his preparation of a complicated income tax return, Dr. Luikart testified it was “within the realm of reasonable possibility.”
As to the Tunnard matter, respondent testified that he thought Mr. Aswell was an attorney, although he admitted he had never seen Mr. Aswell’s name on pleadings and he knew Mr. Marcel was handling the case. He stated he made the contact out of frustration because Mr. Marcel was “dragging his feet” on the case.

Hearing Committee Report

The hearing committee found respondent’s conviction for willfully making and subscribing a false tax return constituted a violation of Rule 8.4(d), in that he committed a criminal act that reflected adversely upon his honesty, trustworthiness and fitness. It concluded respondent’s failure to pay taxes was knowing and intentional and resulted in a loss to the public. With respect to the Tunnard matter, the committee found respondent’s direct contact with Mr. Aswell, and indirect contact through Representative Diez, constituted a violation of Rule 4.2. It reasoned such improper communication presented a potential for harm, since it circumvented the state’s legal counsel.
In determining the appropriate sanction for respondent’s conduct, the committee recognized several aggravating factors: prior discipline,[4] multiple offenses, dishonest and selfish motives, substantial legal experience and refusal to acknowledge wrongful nature of the conduct with respect to the Thnnard matter. In mitiga *227 tion, it found that respondent acknowledged his guilt with respect to the income tax conviction, and did not cause any client injury. It also recognized in mitigation the health problems of respondent and his wife.
Based on these factors, the hearing committee recommended that respondent be ^suspended from practice for a period of three years, with all but one year and one day deferred, followed by a two year period of probation with conditions.

Disciplinary Board Report

The disciplinary board concurred in the factual findings of the hearing committee. Citing the American Bar Association Standards for Imposing Laioyer Discipline, the disciplinary board recognized the baseline sanction for a violation of Rule 8.4 was suspension[5] and the baseline sanction for a violation of Rule 4.2 was a reprimand.[6] The board cited this court’s opinion in Louisiana State Bar Ass’n v. O’Halloran, 412 So.2d 528 (La.1982), for the proposition that respondent’s filing of a false tax return was an action involving moral turpitude, and noted this court had in the past imposed actual suspensions for misdemeanor failure to file tax returns. In re: Huckaby, 96-2643 (La.5/20/97), 694 So.2d 906; In re: Stout, 97-0217 (La.5/20/97), 694 So.2d 908. Based on these authorities, and considering the aggravating and mitigating factors, the disciplinary board recommended that respondent be suspended from the practice of law for a period of two years.
Respondent filed an objection in this court to the disciplinary board’s recommendation, and the matter was set on our docket for oral argument, pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
Respondent’s conviction for willfully making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1) is a serious crime for purposes of Rule 8.4 of the Rules of Professional Conduct.[7] As the disciplinary board found, the baseline sanction for such a violation is a suspension from the practice of law. After considering the aggravating and mitigating factors, the disciplinary board recommended respondent be suspended from the practice of law for a period | Bof two years. Based upon our review of the record, we conclude this sanction is appropriate under the circumstances.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record briefs and oral argument, it is ordered that respondent, Hobart 0. Pardue, be suspended from the practice of law for a period of two years, commencing from the date of finality of this judgment. Respondent is assessed with all costs and expenses of this proceeding in accordance with Supreme Court Rule XIX, § 10.1.
LEMMON, J., dissents and assigns reasons.

 Knoll, J. not on panel. Rule IV, Part II, § 3.

. Respondent was also charged by the ODC with conduct prejudicial to the administration of justice and failure to cooperate. Both the hearing committee and the disciplinary board found the ODC presented insufficient evidence to support these charges, and the ODC does not object to this finding. Accordingly, these charges will not be addressed in our opinion.

. Rule 8.4(b) provides:
It is professional misconduct for a lawyer to:
(b) Commit a criminal act especially one that reflects adversely on the lawyer’s honesty, trustworthiness or fitness as a lawyer in other respects.

. Rule 4.2 provides:
In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. A lawyer shall not effect the prohibited communication through a third person, including the lawyer’s client.

. The record reveals that respondent has received one admonition and three reprimands:
1. Admonition No. 94-ADB-011 (4/14/94) for representing a client with a conflict, failure to supervise an associate lawyer and failure to cooperate;
2. Reprimand No. 93-B-2865 (3/11/94) for permitting a client's claim to prescribe and trying to settle his malpractice without advising his client to seek advice of other counsel;
3. Formal Private Reprimand COPR No. 8474 (4/2/87) for neglect of a legal matter; and
4. Private Reprimand COPR No. 9666 (12/29/88) for neglect of a legal matter.

. A.B.A. Standard 5.12 provides "suspension is generally appropriate when a lawyer knowingly engages in criminal conduct ... that seriously reflects on the lawyer’s fitness to practice.”

. A.B.A. Standard 6.33 provides reprimand is generally appropriate when a lawyer is negligent in determining whether it is proper to engage in communications with an individual in the legal system.

.The record also supports the hearing committee’s findings with regard to the Tunnard matter; however, the ODC has conceded that this misconduct is relatively minor, and, standing alone, would probably justify no more than a reprimand.