*1270 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from a petition for consent discipline filed jointly by respondent, Hobart 0. Pardue, Jr., and the Office of Disciplinary Counsel (“ODC”) following the institution of formal charges. For respondent’s misconduct, the parties proposed a six-month period of suspension to run consecutively to the suspension imposed in a prior disciplinary matter. The disciplinary board recommended the joint petition for consent disciphne be accepted.
UNDERLYING FACTS
Respondent was retained as the attorney for the Succession of Lloyd Schenk. While serving in that capacity, respondent advised the heirs of the succession to oppose his client, the administratrix, and he signed pleadings filed into the record in opposition to his client.
DISCIPLINARY PROCEEDINGS

Formal Charges

Following its investigation into the complaint filed against respondent by the ad-ministratrix of the Schenk succession, the ODC filed one count of formal charges alleging that respondent’s conduct in that matter constituted a violation of Rule 1.7 (conflict of interest) of the Rules of Professional Conduct.
| ¡.Prior to a formal hearing in the matter, respondent and the ODC filed a joint petition for consent discipline. In the petition, respondent admitted that he violated Rule 1.7 by engaging in a conflict of interest in connection with his representation of the Schenk succession. The parties set forth several mitigating factors, including no harm to the client, respondent’s cooperative attitude toward the proceedings, delay in bringing the complaint, and remorse. In aggravation, the parties acknowledged respondent’s prior disciplinary record[1] and substantial experience in the practice of law (admitted 1966). For his misconduct, respondent and the ODC proposed that respondent be suspended from the practice of law for six months, to run consecutively to the suspension imposed in In re: Pardue, 98-3017 (La.3/26/99), 731 So.2d 224.
*1271 In a joint stipulation of facts submitted with the petition for consent discipline, the parties set forth the underlying facts of the Schenk matter. In October 1983, Lloyd Schenk, whom respondent had represented for approximately fifteen years, offered certain undeveloped property for sale. Respondent purchased the property from Mr. Schenk and executed an act of credit sale in favor of his client. Respondent paid $45,000 in cash and an additional sum of $33,000 on the note before Mr. Schenk died in August 1984. Four days after Mr. Schenk’s death, his widow, Judy Schenk, requested that respondent handle the succession proceedings. At the time, Mrs. Schenk indicated that she could not afford to pay attorney’s fees, so she and respondent agreed that respondent would offset his fees against any amounts he still |3owed on the note. The parties acknowledge that although respondent discussed the note with Mrs. Schenk in 1984 in connection with his representation of the estate, he “did not adhere precisely to the requirements of Rule 1.7, with respect to the level of consultation and waiver required.”
In October 1998,[2] Mrs. Schenk retained separate counsel in connection with a dispute concerning the administrative fees which she sought to recover from the succession. The following year, in the process of winding up the succession, a disagreement arose concerning respondent’s note for the purchase of the property, and whether that note belonged to Mrs. Schenk personally or to the succession. In May 1999, Mrs. Schenk’s attorney suggested to respondent that the best way to resolve the question of the ownership of the note was for respondent to file a rule to show cause on behalf of the estate. Respondent drafted the rule and filed it into the record on behalf of Joseph Schenk, the sole legatee of Lloyd Schenk. Following a hearing on the rule to show cause, the presiding judge ruled that the note belonged to the estate.
At the conclusion of the matter, respondent charged an attorney’s fee of $31,250 for handling the succession, which was offset against the balance owed on the purchase of the property from Lloyd Schenk. Respondent paid an additional $40,000 to the heirs, representing the balance of the purchase price, which amount was negotiated between respondent and independent counsel for the heirs.

Disciplinary Board Recommendation

The disciplinary board found that respondent knowingly engaged in a conflict of interest by filing a rule to show cause on behalf of the legatee, Joseph Schenk, against Mrs. Schenk, who was the adminis-tratrix of the estate and who was also ^claiming a personal interest in the note. The record is unclear whether respondent disclosed this conflict to Mrs. Schenk or to her attorney. However, the parties stipulated that no actual injury befell the ad-ministratrix, and the board noted that the trial judge ultimately ruled the note belonged to the estate.
Relying on the ABA’s Standards for Imposing Lawyer Sanctions[3] and jurisprudence from this court involving violations of Rule 1.7, the board determined that respondent engaged in conduct that prevented him from exercising his indepen *1272 dent professional judgment on behalf of his client. For this misconduct, the board suggested that a six-month suspension is an appropriate sanction. Accordingly, the board recommended the proposed consent discipline be accepted.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
IsThe record reflects that respondent engaged in a prohibited conflict of interest in connection with his representation of a succession. Respondent’s conduct is a clear violation of the professional rules and warrants discipline. This finding is tempered to some degree by the fact that respondent’s client suffered no harm and by the length of time which elapsed before the complaint was filed.
Based on these factors, we find the proposed consent discipline is appropriate under the circumstances. Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Hobart O. Pardue, Jr. be suspended from the practice of law for a period of six months, to run consecutively to the suspension imposed in In re: Pardue, 98-3017 (La.3/26/99), 731 So.2d 224. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In In re: Pardue, 98-3017 (La.3/26/99), 731 So.2d 224, reh’g denied May 28, 1999, respondent was suspended for two years following his conviction of willfully making and subscribing a false tax return, a felony under ■ federal law. In addition, in an unrelated matter, respondent attempted to negotiate a settlement of a lawsuit against the state without the knowledge or consent of the state's counsel. Respondent has not filed an application for reinstatement from the 1999 suspension, which ended on May 28, 2001, and thus he remains suspended from the practice of law. In In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150, respondent was reprimanded for failing to disclose for a period of several months that he had not timely filed suit on behalf of a client. In 1994, the disciplinary board admonished respondent for representing a client with a conflict, failing to supervise an associate attorney, and failing to cooperate with the ODC in its investigation (94 ADB Oil). Finally, respondent received private reprimands in 1987 and 1988 for neglecting legal matters.

. The succession proceedings were complicated by an alleged illegitimate son of the decedent who sought to be recognized as an heir. In addition, the immovable property owned by the estate was not sold until 1996 because of a recession in the real estate market.

. Standard 4.32 provides that suspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client.