ON APPLICATION FOR REINSTATEMENT
| .PER CURIAM.*
This proceeding arises out of an application for reinstatement filed by petitioner, Hobart 0. Pardue, Jr., an attorney who is currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In In re: Pardue, 98-3017 (La.3/26/99), 731 So.2d 224, petitioner was suspended for two years following his felony conviction of willfully making and subscribing a false tax return. In addition, in an unrelated matter, petitioner was found to have improperly communicated with a party represented by counsel. Petitioner had not yet been reinstated from the 1999 suspension when this court accepted a joint petition for consent discipline proposing that he be suspended for an additional six months for engaging in a prohibited conflict of interest in connection with his representation of a succession. In re: Pardue, 02-0169 (La.4/12/02), 814 So.2d 1269. Petitioner subsequently filed an application for reinstatement to the practice of law, asserting that he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel initially indicated that it would take no position concerning petitioner’s reinstatement, and accordingly, the matter was referred for a formal hearing before a hearing committee.
| ¡After considering the evidence presented, the hearing committee recommended that petitioner be reinstated to the practice of law, subject to the supervision of a practice monitor. The committee further recommended that petitioner “be required to periodically provide the practice monitor with a list of his active litigation files, including the name and contact information of opposing counsel and the court involved. The practice monitor should then be instructed to periodically conduct *354 interviews of opposing counsel and court records on a test sampling basis to determine whether there are any indications of possible violations of the Rules of Professional Conduct of the type reflected in the record of Mr. Pardue’s prior discipline.” Neither petitioner nor the ODC objected to the hearing committee’s recommendation.
Thereafter, the disciplinary board adopted the factual findings of the hearing committee, and agreed that petitioner proved by clear and convincing evidence that he satisfies the criteria for reinstatement. Accordingly, the board recommended to this court that petitioner be reinstated to the practice of law, subject to a one-year period of supervised probation governed by the conditions recommended by the committee. Neither petitioner nor the ODC objected to the disciplinary board’s recommendation.
After considering the record in its entirety, we conclude petitioner is entitled to be reinstated to the practice of law subject to a three year period of probation and the condition that he successfully complete the Louisiana State Bar Association’s Ethics School program.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Hobart 0. Par-due, Jr. be reinstated to the practice of law in Louisiana, subject to a probationary period of three years, with the condition that he successfully complete the Louisiana State BarJjjAssociation’s Ethics School program. Should petitioner fail to comply with this condition of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.

 Calogero, C.J. recused.