ON APPLICATION FOR REINSTATEMENT
JjPER CURIAM.
Petitioner, Pierre F. Gaudin, Jr., was suspended from the practice of law for eighteen months, retroactive to his Febru *1290 ary 2, 2000 interim suspension, stemming from his conviction of one count of making and subscribing a false tax return, a felony, in violation of 26 U.S.C. § 7206(1). In re: Gaudin, 00-2966 (La.5/4/01), 785 So.2d 763 (“Gaudin I ”).
Following the completion of the suspension, petitioner filed an application for reinstatement with the' disciplinary board, alleging that he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). In his application, petitioner disclosed that on December 25, 2000, during the period of his suspension in Gaudin I, he was arrested for child endangerment by driving while intoxicated; he pleaded no contest to a lesser charge, first offense DWI, in September 2002. Petitioner had not reported his conviction to the ODC, and accordingly, in December 2002, the ODC filed an objection to petitioner’s application for reinstatement. The ODC also filed formal charges against petitioner arising out of his criminal conviction and his failure to report. In February 2003, the reinstatement proceeding was stayed pending resolution of the new disciplinary matter.
After petitioner and the ODC agreed to resolve the DWI matter by consent, the stay order was lifted in the reinstatement proceeding and the ODC withdrew its opposition to petitioner’s reinstatement. On March 26, 2004, this court accepted a | ¡joint petition for consent discipline and publicly reprimanded petitioner for his DWI conviction and failure to report. In re: Gaudin, 04-0532 (La.3/26/04), 869 So.2d 793 (“Gaudin II”).
A hearing was conducted by the hearing committee on September 11, 2003, at which petitioner was the only witness. Considering petitioner’s testimony, the hearing committee concluded that petitioner has satisfied the reinstatement criteria and has met his burden of proving that he is entitled to be reinstated to the practice of law. The committee determined that petitioner did not intentionally commit any misconduct during the period of his suspension and that he adequately explained his failure to personally notify the ODC of the pending DWI proceeding.[1] Furthermore, the ODC admitted that it has no evidence calling petitioner’s honesty and integrity into question, and does not object to his reinstatement. Under these circumstances, the committee recommended that petitioner be reinstated to the practice of law.
The disciplinary board agreed that petitioner has adequately explained his failure to notify the ODC of the criminal charges brought against him during his suspension. Further, his misconduct involving the DWI charge has been addressed by this court in Gaudin II, resulting in the sanction of a public reprimand. Finally, petitioner has met all the other criteria of Rule XIX, § 24(E) and the ODC does not oppose the application for reinstatement. Accordingly, the board recommended to this court that petitioner be reinstated to the practice of law. Neither petitioner nor the ODC objected to the disciplinary board’s recommendation.
After considering the record in its entirety, we will adopt the disciplinary board’s recommendation and reinstate petitioner to the practice of law.
*1291 | .DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Pierre F. Gaudin, Jr., Louisiana Bar Roll number 5977, be immediately reinstated to the practice of law in Louisiana. All costs of these proceedings are assessed against petitioner.

. Petitioner testified that he was informed by the district attorney's office that the ODC was aware of the pending DWI proceeding; therefore, he erroneously believed that he did not need to self-report the matter. Petitioner also pointed out that he disclosed the DWI conviction when he filed his petition for reinstatement, which demonstrated that he was not trying to hide anything.