694 So.2d 906 (1997)
In re: Hilry HUCKABY, III.
No. 96-B-2643.
Supreme Court of Louisiana.
May 20, 1997.
Rehearing Denied June 20, 1997.
Charles B. Plattsmier, William N. King, Baton Rouge, for Applicant.
Ronald J. Miciotto, Hilry Huckaby, III, Shreveport, Gregory F. Gambel, New Orleans, for Respondent.

DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
Respondent, Hilry Huckaby, III, was charged by the United States Attorney for the Western District of Louisiana with one count of violating 26 U.S.C. § 7203 by failing to file a federal income tax return in 1987, a misdemeanor offense under federal criminal law. Subsequently, respondent pled guilty to the charge. Respondent was sentenced to a twelve month prison term, one year of active supervised probation after his release from prison, and a $5,000.00 fine. The court also ordered respondent to pay the full sum of his tax liability for 1987. Respondent's conviction and sentence were affirmed in United States v. Huckaby, 43 F.3d 135 (5th Cir. 1995).
At the time of the charge, respondent was serving as a judge of the First Judicial Court for the Parish of Caddo. Following respondent's guilty plea, the judiciary commission filed formal charges against him. Upon the commission's recommendation, this court removed him from office, reserving to the disciplinary board the right to institute lawyer disciplinary proceedings against him, if appropriate. In re Hilry Huckaby, III, XX-X-XXXX (La.5/22/95), 656 So.2d 292.
Thereafter, the disciplinary counsel filed two counts of formal charges against respondent, based on violations of Rule 8.4(a)(b)(c) and (d) of the Rules of Professional Conduct. After a formal hearing, the hearing committee determined that the disciplinary counsel proved both counts by clear and convincing evidence, and recommended that respondent be publicly reprimanded.
The disciplinary board agreed with the findings of fact of the hearing committee, but disagreed with the recommended discipline. Instead, it recommended that respondent be suspended from the practice of law for a period of one year and one day, with said suspension to be deferred, and with respondent being placed upon two years supervised probation under a probation monitor to be selected by the disciplinary counsel, along with other conditions.
Three board members dissented, being of the opinion that respondent's conduct justified the more severe penalty of suspension from the practice of law for the period of one year and one day.
Both respondent and the disciplinary counsel filed objections to the disciplinary board's *907 recommendations. Respondent contends the recommended discipline is excessive, while disciplinary counsel argues the recommended discipline is unduly lenient.
Based upon our review of the record, we agree with disciplinary counsel that the facts of this case warrant a greater sanction than that recommended by the disciplinary board. We find that several aggravating factors are present in this case. First, respondent's actions occurred over a number of years, demonstrating a pattern of misconduct. Although respondent only pled guilty to one count of violating 26 U.S.C. § 7203, based on his failure to file a federal income tax return for 1987, the presentencing investigation from the federal court revealed that respondent had also failed to file his tax returns in a prompt fashion for twelve other years. Secondly, the very nature of respondent's actions, which the federal court found to be intentional and willful, indicates a selfish or dishonest motive on the part of respondent. Finally, we feel that respondent's substantial experience in the practice of law, combined with the fact that he held the office of district judge, requires that he should be held to even a higher standard of conduct than an ordinary attorney.[1]
In imposing discipline, we are mindful that respondent has been punished for his conduct, in that he has served a one year jail sentence and was removed from office by this court. Nonetheless, we believe that an actual period of suspension is justified under the circumstances. Therefore, we conclude that a one year suspension from the practice of law, with six months of the suspension being deferred, and a two year period of supervised probation subject to the conditions recommended by the disciplinary board, is an appropriate sanction in this matter.[2]
Accordingly, it is ordered that respondent, Hilry Huckaby, III, be suspended from the practice of law for a period of one year, with six months of the suspension to be deferred, and that respondent be placed upon two years supervised probation under a probation monitor to be selected by the disciplinary counsel. It is further ordered that respondent be required to satisfactorily retire all remaining tax obligations to the United States, including penalties and interest, as well as to promptly file all past due and future federal and state income tax returns, and refrain from violating any other tax laws of the United States or the State of Louisiana or the City of Shreveport, and that he refrain from any further violations of the Rules of Professional Conduct. Upon respondent's failure to comply with any terms of the probation, the disciplinary counsel shall move for an immediate revocation of respondent's probation and institution of the deferred portion of the suspension hereby ordered. All costs are assessed against respondent.
NOTES
[*] Johnson, J., not on panel. Rule IV, Part 2, § 3.
[1] In his concurrence to respondent's judicial disciplinary case, Justice Lemmon stated:

[H]igher standards of conduct are demanded of a judge than of an attorney. The public demands that judges scrupulously obey the laws to which the members of the public must conform. Judge Huckaby's flagrant and persistent disregard for the tax laws of the state and country, shown not only by the conduct for which he was convicted, but also by the aggravating circumstance that this misconduct occurred over a substantial period of time, righteously outrage the citizenry of this state.
[2] In imposing this sanction, we recognize this is the first time this court has imposed an actual suspension in a bar disciplinary matter arising out of misdemeanor failure to file income tax returns. However, we feel that the few cases involving this issue are factually distinguishable from the instant case. We further note that the courts of other states have imposed actual suspensions under such circumstances. See In re Them, 473 S.E.2d 804 (S.C.1996) (attorney suspended until further orders when he pled guilty to one count of failure to file income tax returns); The Florida Bar v. Pearce, 631 So.2d 1092 (Fla. 1994) (attorney suspended for forty-five days for two year failure to file tax returns); Committee on Professional Ethics v. Hunzelman, 492 N.W.2d 670 (Iowa 1992) (indefinite suspension with no possibility of reinstatement for three months for failure to file federal and state income tax returns for two years and failing to assist in Disciplinary Board's investigation); Matter of Tos, 610 A.2d 1370 (Del.1992) (attorney with prior disciplinary record given a three year suspension for failure to file federal tax returns); Comm. on Professional Ethics and Conduct of the Iowa State Bar Ass'n v. Baudino, 452 N.W.2d 455 (Iowa 1990) (suspension without possible reinstatement for six months imposed on an attorney for failure to file tax returns for three years and lying on professional questionnaire); Attorney Grievance Comm. of Maryland v. Walman, 280 Md. 453, 374 A.2d 354 (App.1977) (attorney with no prior disciplinary record warranted a three year suspension for failure to file federal tax returns).