DISCIPLINARY PROCEEDINGS
hPER CURIAM*.
Respondent, Elvis C. Stout, was charged by the United States Attorney for the Western District of Louisiana with one count of violating 26 U.S.C. § 7203 by failing to file a federal income tax return in 1988, a misdemeanor offense under federal criminal law. Subsequently, respondent pled guilty to the charge. Respondent was sentenced to a twelve month prison term and one year supervised probation after his release from prison. The court also ordered respondent to pay $20,189 in restitution, which was his tax liability for 1988. Respondent’s sentence was affirmed in part in United States v. Stout, 32 F.3d 901 (5th Cir.1994).[1]
The disciplinary counsel filed one count of formal charges against respondent, alleging respondent had been “convicted of criminal offenses which constitute serious criminal conduct in violation of Rule 8.4(b) of the Rules of Professional Conduct.” Following a formal hearing, the hearing committee recommended a suspension of three months, with suspension deferred upon imposition of one year probation subject to special conditions.
The disciplinary board found that the recommendation of the hearing committee was too lenient. Instead, it recommended that respondent be suspended from the practice of law for one year and a day, with such suspension to be deferred, and with respondent being placed on two years supervised probation under a practice monitor, along with other conditions.
Three board members dissented, being of the opinion that ^respondent’s conduct justified the more severe penalty of suspension from the practice of law for the period of one year and one day.
The disciplinary counsel filed objections in this court to the board’s recommendations, arguing the recommended discipline is unduly lenient.
Based upon our review of the record, we agree with disciplinary counsel that the facts of this case warrant a greater sanction than that recommended by the disciplinary board. We find that several aggravating factors are present in this case. First, respondent’s actions occurred over a number of years, demonstrating a pattern of misconduct. A-though respondent only pled guilty to one count of violating 26 U.S.C. § 7203, based on his failure to file a federal income tax return for 1988, the evidence in the record indicates *909 that respondent had also failed to file timely tax returns for a total of eight years and still owes a substantial sum in tax liability.[2] Secondly, the very nature of respondent’s actions indicates a selfish or dishonest motive on the part of respondent. Finally, we feel that respondent’s substantial experience in the practice of law, combined with the fact that he held the office of city court judge for twenty years, requires that he should be held to even a higher standard of conduct than an ordinary attorney.
In imposing discipline, we recognize that in In re Hilry Huckaby, III, 96-B-2643, 694 So.2d 906 (La.1997), also decided this day, we imposed a one year suspension, with six months of the suspension deferred and two byears probation with conditions. The facts of Huckaby are strikingly similar to the facts of instant case. Like Huckaby, respondent also served actual jail time; however, unlike Huckaby, respondent was not removed from office as a consequence of his federal conviction. We believe this distinction justifies a greater sanction in the instant ease. Accordingly, we conclude that an eighteen month suspension from the practice of law, with six months of the suspension being deferred, and a two year period of supervised probation subject to the conditions recommended by the disciplinary board, is an appropriate sanction in this matter.
Accordingly, it is ordered that respondent, Elvis C. Stout, be suspended from the practice of law for a period of eighteen months, with six months of the suspension to be deferred, and that respondent be placed upon two years supervised probation under a probation monitor to be selected by the disciplinary counsel. It is further ordered that respondent be required to satisfactorily retire all remaining tax obligations to the United States, including penalties and interest, as well as to promptly file all past due and future federal and state income tax returns, and refrain from violating any other tax laws of the United States or the State of Louisiana and that he refrain from any further violations of the Rules of Professional Conduct. Upon respondent’s failure to comply with any terms of the probation, the disciplinary counsel shall move for an immediate revocation of respondent’s probation and institution of the deferred portion of the suspension hereby ordered. All costs are assessed against respondent.
Opinion by Justice Lemmon Concurring in Denial of Rehearing June 30,1997

 Kimball, J. not on panel. Rule IV, Part 2, § 3.

. The court vacated that portion of sentence relating to a separate restitution order and remanded the case for resentencing with instructions that his sentence not include any such restitution order.

. In its opinion affirming respondent’s sentence, the Court of Appeals summarized respondent's tax liability as follows:
Between 1982 and 1989, though Stout filed for extensions on his tax returns with the Internal Revenue Service (IRS), he failed each year to file a timely return and, furthermore, never has paid his taxes for those years. Stout ultimately did file returns for 1984-89, which showed that he owed $112,393 in taxes. As for 1982-83, Stout still has not filed returns for those years. He estimates that his tax liability is $3,000 for each year. Therefore, by his own estimate, Stout’s total tax liability for 1982-1989 is $118,393. His total liability for IRS penalties and interest for the period is $119,-450.55.
U.S. v. Stout, 32 F.3d 901, 902 (5th Cir.1994).