DISCIPLINARY PROCEEDINGS
hPER CURIAM. *
This disciplinary proceeding arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Samuel A. Shealy, an attorney licensed to practice law in the State of Louisiana. The charges alleged that respondent had been convicted of a criminal offense which constituted serious criminal *489 conduct in violation of Rule 8.4(b) of the Rules of Professional Conduct.
The underlying facts indicate that on September 29,1994, respondent pleaded guilty in the United States District Court for the Western District of Louisiana to one count of willful failure to file an income tax return for the year 1988 in violation of 26 U.S.C. § 7203, a misdemeanor.[1] The record indicates that in 1988, respondent had earned a gross income of $29,568 that he failed to report. On December 15, 1994, the district court sentenced respondent to eight months in a federal facility followed by one year of supervised probation. Subsequently, respondent was incarcerated in a federal prison in Texareana, Texas for eight months and spent a period in a halfway house in Monroe.
Prior to his plea of guilty, respondent voluntarily resigned his position as an Assistant District Attorney for Lincoln Parish and as a Lincoln Parish School Board Member, positions which |2he had held for several years. Since 1983, respondent held a position as a part-time instructor of Business Law at Louisiana Tech University, which he relinquished at the time of his incarceration.
On May 12, 1995, prior to the institution of formal charges, respondent filed a petition for consent discipline, seeking a two year suspension, deferred, with the imposition of several conditions. Although the ODC filed a concurrence, the disciplinary board rejected the proposed consent discipline after conducting a hearing.
Subsequently, the ODC filed one count of formal charges against respondent. After respondent failed to answer, the matter was submitted to the hearing committee on the briefs. Citing mitigating factors, such as evidence of respondent’s remorse and good character, the hearing committee recommended the same discipline proposed in the previously rejected petition for consent discipline: a two year deferred suspension, with said suspension being deferred, and the imposition of certain conditions.
The disciplinary board, in its recommendation to this court, concluded that respondent had violated a duty owed to the public and compromised the public integrity of the judicial system when he intentionally broke the law while engaged as an assistant district attorney. Moreover, it noted that the tax loss to the government resulted in actual injury. Relying on § 5.12 of the ABA Standards for Imposing Lawyer Sanctions, the board noted the baseline sanction was suspension. As aggravating factors, it found the presence of a dishonest and selfish motive, a pattern of misconduct, multiple offenses, and the Substantial experience in the practice of law. As mitigating factors, the board found respondent had made a timely good faith effort to make restitution, cooperated with the ODC, had excellent character and reputation in the community, showed remorsefulness and had no prior disciplinary record. Additionally, it noted there had been an imposition of other penalties (i.e., eight month incarceration and probation) and the absence of a prior disciplinary record. Based on these |3factors, the board recommended that respondent be suspended for a period of one year and one day, with suspension deferred, upon imposition of a two year probation subject to certain conditions.
Subsequently, the ODC filed an objection in this court to the disciplinary board’s recommendation.
Initially, we note that the recommendations of the hearing committee and disciplinary board were rendered prior to the release of our decisions in In Re: Hilry Huckaby, III, 96-2643 (La.5/20/97), 694 So.2d 906, and In Re: Elvis Stout, 97-0217 (La.5/20/97), 694 *490 So.2d 908, which imposed actual suspensions in disciplinary proceedings arising from a misdemeanor failure to file conviction. Based upon our review of the record, we feel the facts of the instant matter are similar enough to those , in Huckaby and Stout to warrant an actual period of suspension. As in Huckaby and Stout, respondent was charged and convicted under 26 U.S.C. § 7203, misdemeanor failure to file a tax return. Similarly, respondent failed to file tax returns for several years (nine) and failed to pay taxes in a significant amount. Moreover, respondent was sentenced to an actual prison term and placed on probation. While it is true that respondent did not hold judicial office at the time he committed his offense, he was a member of the Lincoln Parish School Board, counsel for the Lincoln Parish Police Jury, and an Assistant District Attorney for that parish.
Considering the similarity of Huckaby and Stout to the instant matter, and weighing the aggravating and mitigating factors, we conclude that a suspension of twelve months, with all but six months deferred and two years probation under the terms imposed by the disciplinary board is appropriate discipline under the facts of this case.

DECREE

Upon review of the hearing committee and disciplinary board findings and recommendations, and considering the record, briefs, and oral argument, it is the decision of this court that the recommendation of the disciplinary board be modified to impose pan actual period of suspension. Accordingly, it is ordered that respondent, Samuel A. Shealy, be suspended from the practice of law for a period of twelve months, with all but six months of the suspension deferred. Following completion of the active portion of the suspension, respondent shall be placed on two years supervised probation subject to the following conditions:
(1) Respondent shall comply with all Rules of Professional Conduct during the probationary period;
(2) An attorney will be appointed pursuant to the disciplinary board’s probation system to monitor respondent’s practice on a periodic basis and provide quarterly written reports to the Office of Disciplinary Counsel during the probationary period;
(3) Respondent will complete all required mandatory continuing legal education hours during the two year period of probation, of which three hours of the fifteen hours required each year shall be in the area of law office management;
(4) Respondent will allow disciplinary counsel and/or the probation monitor to review financial statements and records of respondent’s operating and trust accounts;
(5) Respondent will retain a certified public accountant to review his operating and trust accounts and file reports with the Office of Disciplinary Counsel on a quarterly basis and see to it that all state and federal taxes are paid, any payment schedules for tax liability are current, and that all client funds are disbursed and protected in an orderly manner;
(6) Respondent will develop a law office management plan which meets with the approval of his probation monitor;
(7) Respondent will pay all costs of these proceedings, said payment to be completed prior to termination of the probationary period; and
(8) Upon respondent’s failure to comply with any of the terms of this probation, disciplinary counsel shall move for an immediate revocation of probation. Disciplinary counsel’s motion to revoke probation shall be filed directly with the disciplinary board for summary consideration by whatever procedure the board deems appropriate.

. Kimball, J. not on panel. Rule IV, Part 2, § 3.

. The presentence report in the record indicates that between 1982 and 1990 (with the exception of 1985), respondent failed to timely file his tax returns. He filed extensions for the years 1984, and 1986 — 1990. When respondent received notice in February 1994 by the IRS that his failure to file was being considered for criminal prosecution, he filed his returns for the delinquent years 1986 through 1990, and timely filed for 1991. Along with his 1992 returns, respondent submitted full restitution for his outstanding tax liability and part of the interest balance owing totalling $63,418.24. At the time of his December 1994 sentencing, respondent had still not filed his tax returns for the years 1982 through 1984, nor paid any applicable taxes for those years. Respondent was not subject to criminal prosecution for his failure to file for these years because of prescription.