DISCIPLINARY PROCEEDINGS
| ]PER CURIAM. *
This disciplinary proceeding arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Samuel H. Thomas, an attorney licensed to practice law in the State of Louisiana. The charges alleged that respondent had been convicted of-a criminal offense which constituted serious criminal conduct in violation of Rule 8.4(b) of the Rules of Professional Conduct.
The underlying facts indicate that on August 2, 1994, respondent pleaded guilty in the United States District Court for the Western District of Louisiana, Monroe Division, to two counts of willful failure to timely file income tax returns for the years 1988 and 1989 in violation of 26 U.S.C. § 7203, a misdemeanor. On February 2, 1995, the respondent was sentenced to twelve months in prison, followed by one year of supervised probation, and was ordered to pay $108,-617.88 in restitution for non-payment of taxes from 1986 to-1988 and $10,000 in fines. Subsequently, respondent was incarcerated in a federal prison for six months in Talade-ga, Alabama, and was later released to a halfway house for six months. His sentence was affirmed on January 16, 1996 by the United States Court of Appeals for the Fifth Circuit in an unpublished opinion. United States of America v. Thomas, 77 F.3d 479 (5th Cir. 1996).
On September 9, 1995, the ODC filed one count of formal charges against respondent, and respondent filed an answer admitting the allegation in the charges.[1]
12At the request of both parties, the ease was submitted to the hearing committee on documentary evidence without a hearing. Relying on § 5.12 of the ABA Standards for Imposing Lawyer Sanctions, the committee noted the baseline sanction was suspension. Although it did not find the presence of any aggravating factors, it concluded there were several mitigating factors present, specifically, no prior discipline, substantial moral character, remorse, and the fact that respondent has suffered punishment by his incarceration and financial hardship. Based on such, the hearing committee recommended a one year and one day suspension, deferred, and a two year period of probation subject to certain conditions.
On April, 4, 1997, the disciplinary board filed its recommendation with this court adopting the opinion of the hearing committee. The board noted that, despite the committee’s assertions to the contrary, respondent has a prior disciplinary record with a private reprimand in 1988 and admonitions in 1994 and in 1995.[2] Nonetheless, the board *492 determined that an “additional active suspension would not be appropriate,” and concurred in the sanction proposed by the hearing committee. One member of the board dissented, maintaining that an active suspension was appropriate in light of respondent’s prior discipline, which evidenced a pattern of misconduct.
Subsequently, the ODC filed an objection in this court to the disciplinary board’s recommendation.
Initially, we note that the recommendations of the hearing committee and disciplinary board were rendered prior to the release of our decisions in In re Hilry Huckaby, III, 96-2643 (La.5/20/97), 694 So.2d 906, and In re Elvis Stout, 97-0217 (La.5/20/97), 694 So.2d 908, which imposed actual suspensions in 3disciplinary proceedings arising from a misdemeanor failure to file conviction. Based upon our review of the record, we feel the facts of the instant matter are similar enough to those in Huckaby and Stout to warrant an actual period of suspension. As in Huckaby and Stout, respondent was charged and convicted under 26 U.S.C. § 7203, misdemeanor failure to file a tax return. Similarly, respondent failed to file tax returns for several years (four) and failed to pay taxes in a significant amount (over $100,000). Moreover, respondent was sentenced to an actual prison term and was placed on probation. While it is true that respondent did not hold judicial office at the time he committed his offense, there is evidence in the record that respondent served as Chairman of the Madison Parish Port Commission and counsel to the Superintendent of Education at the time of the offense. Additionally, respondent has a prior disciplinary record.
Considering the similarity of Huckaby and Stout to the instant matter, and weighing the aggravating and mitigating factors, we conclude that a suspension from the practice of law for a period of fifteen months, with all but nine months deferred and two years probation under the terms imposed by the hearing committee and disciplinary board is appropriate discipline under the facts of this case.[3]

DECREE

Upon review of the hearing committee and disciplinary board findings and recommendations, and considering the record, briefs, and oral argument, it is the decision of this court that the recommendation of the disciplinary board be modified to impose an actual period of suspension. Accordingly, it is ordered that respondent, Samuel H. Thomas, be suspended from the practice of law for a period of fifteen months, with all but nine months of the suspension deferred. Following completion of the active portion of the suspension, respondent shall be placed on two years supervised Lprobation subject to the following conditions:
(1) Respondent shall submit to probation monitoring, which includes periodic reviews of his personal and business finances as it applies to his payment of all state and federal taxes; and that the disciplinary board of the LSBA' appoint an attorney/certified public accountant as the probation monitor;
(2) Respondent shall earn five additional hours of continuing legal education in ethics for each of the two years he is on probation;
(3) Respondent shall comply with all probation requirements of the United States District Court for the Western District and provide proof of compliance;
(4) Respondent shall incur no additional violations; and
(5) Respondent shall pay all costs associated with these disciplinary proceedings. Respondent shall comply with all Rules of Professional Conduct during the probationary period.

. Marcus, J. not on panel. Rule IV, Part 2, § 3.

. Respondent also filed an exception of prematurity, asserting that his sentence was currently on appeal. The hearing committee deferred the hearing pending the finality of his sentence, which was affirmed on January 16, 1996.

. On June 6, 1988, respondent received a private reprimand in COPR case # 9476 for his failure to refund and account for a retainer fee. On November 14, 1994, respondent was admonished in case no. 94-ADB-113 for misleading the court and other parties into believing he was acting as his uncle’s counsel when he in fact he was only a curator. On August 61, 1995, respondent was again admonished in case no. 95-ADB-087 for *492 his failure to act with diligence in representing his client in a worker's compensation action.

. Pursuant to the recent amendment to Supreme Court Rule XIX, § 23, respondent will not have to apply for reinstatement, since the period of his actual suspension does not exceed one year.