764 So.2d 943 (2000)
In re Samuel H. THOMAS.
No. 00-B-1610.
Supreme Court of Louisiana.
June 30, 2000.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
This disciplinary matter arises from a rule to revoke probation filed by the Office of Disciplinary Counsel ("ODC") against respondent, Samuel H. Thomas.

UNDERLYING FACTS AND PROCEDURAL HISTORY
On October 10, 1997, this court ordered that respondent be suspended from the practice of law for fifteen months, with all but nine months deferred, based on his federal conviction for failure to file tax returns for two years. In re: Thomas, 97-0881 (La.10/10/97), 700 So.2d 490. The court also imposed a two-year period of supervised probation, subject to specified conditions, including the requirement that respondent "shall incur no additional violations" of the Rules of Professional Conduct during the probationary period.
On April 25, 2000, the ODC filed a rule to revoke probation, asserting that respondent violated the conditions of his probation by engaging in conduct which is in violation of the Rules of Professional Conduct.[1] Essentially, the ODC alleges that respondent took a 25% attorney's fee from the settlement of an insurance claim on behalf of Samir, Inc. ("Samir"),[2] without a written contingency fee agreement. Jesse Esters, the president of Samir, complained to respondent about the fee, at which time respondent allegedly threatened to raise his fee to 40%. Contending that respondent's conduct violated Rules 1.2 (scope of the representation), 1.5(a) (reasonableness of the lawyer's fee), 1.5(b) (communication to the client of the fee arrangement), 1.5(c) (contingency fee arrangements), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct, the ODC requests that respondent's probation be revoked and that the deferred portion of his 1997 suspension be made executory.

*944 Disciplinary Board Recommendation

A hearing was held before a panel of the disciplinary board. After reviewing the testimony and documentary evidence presented at the hearing, the disciplinary board concluded that the ODC's rule to revoke respondent's probation should be denied.
In an eleven-page recommendation, the board found that respondent's fee was reasonable, and did not violate Rule 1.5(a). The board recognized that respondent committed "technical violations" of Rules 1.5(b) and (c) because he failed to communicate to Mr. Esters a specific basis or rate of the fee, and failed to enter into a formal contingency fee agreement when he undertook the representation of Samir in this matter. However, the board found this lack of formality most likely stemmed from respondent's close friendship and business relationship with Mr. Esters and from the fact that respondent owned 50% of the client corporation. The board concluded that because of the technical nature of respondent's violations of the Rules of Professional Conduct, revocation of his probation was not warranted.

DISCUSSION
Based on our review of the record, we agree with the disciplinary board's conclusion that revocation of probation is not warranted under these facts. Accordingly, we will accept the recommendation of the board and dismiss the rule to revoke respondent's probation.

DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is the decision of this court that the recommendation of the disciplinary board be adopted. Accordingly, the rule to revoke probation filed against respondent, Samuel H. Thomas, is dismissed.
NOTES
[*] Johnson, J., not on panel. Rule IV, Part II, § 3.
[1] Respondent's probation commenced on August 21, 1998 and ends on August 21, 2000. The probationary period had been without violation to the point that the ODC filed its rule.
[2] Respondent was a 50% shareholder in the corporation.