849 So.2d 18 (2003)
In re Jeffrey S. WITTENBRINK.
No. 2003-B-0425.
Supreme Court of Louisiana.
June 27, 2003.
Charles B. Plattsmier, G. Fred Ours, Baton Rouge, Counsel for Applicant.
James R. Clary, Jr., Jeffrey S. Wittenbrink, Baton Rouge, Counsel for Respondent.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter involves one count of formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Jeffrey S. Wittenbrink, an attorney licensed to practice law in the State of Louisiana.

UNDERLYING FACTS
The parties entered into a stipulation of facts. They stipulated respondent employed Tammy Shattuck as a legal secretary *19 from April 1996 through May 2000. During her employment, Ms. Shattuck was always paid her salary in a timely manner and received all of her W-2 forms in a timely fashion. Respondent withheld applicable federal and state taxes, as well as other applicable sums, such as Medicare and FICA, from Ms. Shattuck's paycheck. However, respondent failed to forward these sums to the appropriate governmental agencies. Similarly, respondent did not forward any "employer matching" funds which were due to the federal and state governments as part of his employer's responsibility.
Initially, Ms. Shattuck was unaware that respondent failed to pay the taxes and sums withheld from her paycheck to the appropriate governmental agencies. She first learned of respondent's actions in May 1998. Thereafter, she had several discussions with respondent, who promised that he would resolve the situation and pay the necessary sums as soon as he could. Ms. Shattuck ended her employment in May 2000.
Subsequently, respondent entered into discussions with the appropriate governmental authorities and entered into an arrangement whereby all outstanding taxes, penalties and interest would be paid. The parties stipulated that Ms. Shattuck did not suffer any actual adverse federal or state income tax penalties as a result of respondent's actions.
Respondent also stipulated that he failed to pay his personal federal and state income tax returns for the tax years 1996, 1997, 1998, 1999 and 2000 in a timely fashion. He has now filed all appropriate personal income tax returns, and intended to enter into an agreement to pay all outstanding personal taxes.
Besides the stipulated facts, the facts developed at the formal hearing revealed that respondent had failed to file personal tax returns and failed to remit the sums withheld from his other employees' paychecks for the years 1993-1995, in addition to the years 1996-2000 which were covered by the stipulation.

DISCIPLINARY PROCEEDINGS

Formal Charges
After receiving a complaint from Ms. Shattuck, the ODC commenced an investigation. Following its investigation, the ODC filed one count of formal charges against respondent alleging his conduct violated Rule 1.15 (conversion), Rule 8.4(a) (violating the Rules of Professional Conduct) and Rule 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation) of the Louisiana Rules of Professional Conduct.
Respondent filed an answer to the formal charges, essentially denying any misconduct on his part.

Recommendation of the Hearing Committee
A formal hearing was conducted before the hearing committee. The ODC presented documentary evidence, as well as testimony from Ms. Shattuck. Respondent testified on his own behalf. He also introduced the testimony of Ben Melanson, who was qualified as an expert in tax matters. When questioned about the ownership of the employee funds withheld by respondent, Mr. Melanson testified that there was no "bright line" test regarding who actually owned the funds. However, he characterized the funds as a "debt" owed by the employee, which the employer was required to remit to the appropriate agencies.
At the conclusion of the hearing, the hearing committee rendered its recommendation. With regard to the funds withheld from the employees' paychecks, *20 the committee found the ODC failed to prove by clear and convincing evidence that respondent's actions constituted misappropriation, commingling or conversion of funds. However, the committee found the ODC presented clear and convincing evidence of professional misconduct arising from respondent's failure to satisfy his personal tax obligations. As a sanction, the committee recommended respondent be given a fully deferred one year suspension.

Recommendation of the Disciplinary Board
The board agreed that respondent's failure to remit the sums withheld from his employees' paychecks did not amount to a conversion of funds for purposes of Rule 1.15. However, the board determined respondent's actions violated Rules 8.4(a) and 8.4(c), as they involved elements of deceit, dishonesty, fraud and misrepresentation. The board concluded respondent violated a duty owed to the public and caused actual injury (albeit a minimal amount) to the public fisc.
Addressing the issue of sanctions, the board recognized as aggravating factors respondent's prior disciplinary record,[1] dishonest or selfish motive and pattern of misconduct. It declined to recognize any factors in mitigation.
Relying on jurisprudence from this court,[2] the board recommended that respondent be suspended for a period of two years and one day, with one year deferred, subject to a two-year period of probation. It further proposed a probation monitor be appointed and respondent retain, at his own expense, a certified public accountant to review respondent's operating accounts, file reports with respondent's probation monitor on a quarterly basis, and monitor timely payment of all state and federal taxes and amounts owed pursuant to respondent's tax liability.
The ODC filed an objection to the board's findings and recommendation. Accordingly, the matter was docketed for briefing and argument in accordance with Supreme Court Rule XIX, § 11(G).

DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444, 445 (La.1992).
*21 The ODC urges us to find respondent's failure to remit the funds withheld from his employees' paychecks to the appropriate governmental authorities constituted conversion of funds in violation of Rule 1.15.[3] That rule provides, in pertinent part:
Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third party. For purposes of this rule, the third person's interest shall be one of which the lawyer has actual knowledge, and shall be limited to a statutory lien or privilege, a final judgment addressing disposition of those funds or property, or a written agreement by the client or the lawyer on behalf of the client guaranteeing payment out of those funds or property. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.
The ODC characterizes the sums withheld by respondent from his employees' paychecks as being funds in which third parties have an interest. It further argues respondent's failure to promptly deliver these funds represents a violation of Rule 1.15. Unfortunately, under the unique facts of this case, the analysis of the issue is not as simple as the ODC would have this court believe.
This court has never addressed the issue of whether the failure of an attorney to remit taxes withheld from employees' paychecks can constitute conversion under the disciplinary rules. However, a review of the jurisprudence of our sister states reveals that in In re: Thebus, 108 Ill.2d 255, 91 Ill.Dec. 623, 483 N.E.2d 1258 (1985), the Supreme Court of Illinois considered a strikingly similar case and concluded the attorney's actions did not constitute conversion.
In Thebus, the respondent withheld funds from his employees' paychecks for their income taxes and FICA contributions, and failed to remit these funds to the appropriate government agencies. He was charged in federal court with willfully and knowingly failing to make and file an employer's quarterly tax return in violation of 26 U.S.C. § 7203. After the respondent pled guilty, a bar disciplinary complaint was filed against him, seeking his disbarment on the ground he committed conversion.
The Supreme Court of Illinois rejected the argument that the respondent's actions constituted conversion. In reaching this conclusion, the court reviewed the general common law relating to conversion and observed that an action for conversion could not be maintained for money represented by a general obligation or debt. The court explained:
Common to these statements is the idea that the subject of conversion is required to be an identifiable object of property of which the plaintiff was wrongfully deprived. Money may be the subject of conversion, but it must be *22 capable of being described as a specific chattel, although it is not necessary for purposes of identification that money should be specifically earmarked. However, an action for the conversion of funds may not be maintained to satisfy a mere obligation to pay money. (See 89 C.J.S. Trover & Conversion sec. 23 (1955).)

* * *
Thus the general rule is that conversion will not lie for money represented by a general debt or obligation. It must be shown that the money claimed, or its equivalent, at all times belonged to the plaintiff and that the defendant converted it to his own use.
483 N.E.2d at 1260-61.
Having set forth the general principles of conversion, the court then considered the nature of the funds withheld by the respondent. The court reasoned that under applicable federal law, the employees had no interest in the funds withheld from their paychecks; therefore, the respondent could not have converted funds from the employees. The court stated:
In conjunction with the essentials of conversion, it is necessary to consider the nature of the money withheld from wages by the employer and the effect of such withholding. In United States Fidelity & Guaranty Co. v. United States (10th Cir.1952), 201 F.2d 118, an employer on a construction project withheld taxes from the employees but failed to remit the amount withheld to the Federal government. The court held that when the employer withholds taxes from wages and pays the balance to the employee, the employee has been paid in full and is entitled to a credit or refund of this tax even though the employer has not paid it over to the Federal government. The employer is liable to the Federal government for the amount of the tax. That is a tax liability for which the employer alone is liable to the government as for any other taxes he may owe. Thus in our case the employees have no interest in the money the respondent withheld from their wages, so there has been no conversion of employees' funds.
483 N.E.2d at 1261.
The court likewise found respondent did not convert an identifiable sum of money belonging to the government:
Although the respondent was under an obligation to remit to the Internal Revenue Service the amount of money withheld as taxes, this obligation is in the nature of a debt to the government. The amount withheld is not a specified identifiable fund capable of being the subject of a conversion. Section 7501 of the Internal Revenue Code (26 U.S.C. §§ 7501 (1976)) provides that when a person is required to collect or withhold any internal revenue tax from another person and pay it over to the government, the amount of the tax shall be held to be a special fund in trust for the United States. Although this statute speaks in terms of a special fund in trust, there is no requirement that the withheld sums be segregated from the employer's general funds or that they be deposited in a special bank account.

* * *
The respondent in our case did not maintain a separate bank account in which the taxes withheld and owed to the Internal Revenue Service were deposited. Likewise, he did not maintain a separate payroll account. Thus, respondent held no identifiable sum of money or fund for the Internal Revenue Service. The money owed to the government did not come into respondent's *23 hands from any outside source. It was an amount that accrued with each pay period as the respondent wrote the payroll checks from his general checking account for the net amount of wages after taxes, retaining in his checking account the difference between the gross wages and the amount of the check.
483 N.E.2d at 1261-62.
Based on this reasoning, the Supreme Court of Illinois found the respondent did not convert funds and did not discipline him on this basis. However, the court censured the respondent based on his conviction for willful failure to file his employer's quarterly tax return.
We find the reasoning of Thebus is persuasive and is consistent with the evidence developed in the instant case. The expert testimony produced by respondent demonstrates that respondent had no obligation under the federal tax laws to place the money withheld from his employees' paychecks into a separate fund, nor did respondent have a fiduciary obligation over these funds. Instead, respondent's expert testified that respondent had a debt to the appropriate government entities.
This fact alone readily distinguishes the instant case from the typical instance of commingling and conversion, in which the attorney fails to place identifiable funds of a client or third party into a trust account or improperly withdraws these funds. We described this typical scenario in Louisiana State Bar Ass'n v. Hinrichs, 486 So.2d 116 (La.1986):
Under the disciplinary rules adopted by this court, a lawyer must deposit all funds of clients and funds belonging in part to a client and in part presently or potentially to himself in an identifiable clients' trust account separate from his operating account. A lawyer may not deposit his own funds in the trust account except for amounts reasonably sufficient to pay bank charges. The lawyer's portion of any joint funds may not be withdrawn unless the amount is due and undisputed. If requested by a client, a lawyer must pay or deliver to the client funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.
By contrast, in the instant case, respondent had no obligation either under the federal law or the disciplinary rules, to deposit the funds withheld from his employees' paychecks into a separate account. He simply had an obligation, in the form of a debt, to pay these funds to the appropriate governmental authorities.
In sum, under the unique facts of this case, respondent did not convert an identifiable sum of money belonging to a third person.[4] Therefore, the ODC failed to prove a violation of Rule 1.15.
Nonetheless, this finding does not end the inquiry. Although respondent's actions did not amount to conversion, it is beyond dispute his failure to remit the funds withheld from his employees, as well as his failure to pay his personal taxes, involved elements of dishonesty, fraud, deceit or misrepresentation, in violation of Rule 8.4(c). Although respondent's actions did not occur in the context of the practice of law, his decision to disregard his obligations under federal and state law is an act of dishonesty which falls far below the high standard expected of attorneys admitted to the bar in Louisiana. The sentiments we express in Louisiana State Bar Ass'n v. Bensabat, 378 So.2d 380 (La. *24 1979), apply with equal force to the instant case:
An attorney's duty to obey and uphold the laws extends to all laws and not merely to those directly connected with his law practice. His Code of Professional Responsibility exhorts him to "refrain from all illegal and morally reprehensible conduct," with the warning that "[b]ecause of his position in society, even minor violations of law by a lawyer may tend to lessen public confidence in the legal profession." La. State Bar Assoc. Arts. of Incorp., Art. XVI (Code of Professional Responsibility) Ethical Consideration 1-5, following La. R.S. 37:218. A lawyer's disciplinary rules, the mandatory rules stating the level below which no lawyer can fall without being subject to disciplinary action, proscribe illegal conduct involving moral turpitude, conduct involving dishonesty, fraud, deceit, misrepresentation or conduct that is prejudicial to the administration of justice. Code of Professional Responsibility, supra, Disciplinary Rule 1 102(A)(3)(5). See ABA Code of Professional Responsibility, Preliminary Statement (1969); Hood, Renewed Emphasis on Professional Responsibility, 35 La. L.Rev. 719, 737 (1975). In sum, an attorney's admission to the bar is conditioned upon his earnest commitment to uphold and preserve the system of lawful government and to maintain the integrity of his profession and the courts of which he is an officer. Ex parte Wall, 107 U.S. 265, 274, 2 S.Ct. 569, 576, 27 L.Ed. 552 (1882); Louisiana State Bar Association v. Ponder, 340 So.2d 134 (La.1976), on rehearing 340 So.2d 141; Code of Professional Responsibility supra, Ethical Consideration 1-1.
We have not hesitated to suspend attorneys who have failed to comply with their tax obligations. For example, in In re: Stout, 97-0217 (La.5/20/97), 694 So.2d 908, we suspended an attorney for a period of eighteen months, with six months deferred, based on failure to file timely tax returns for eight years. In In re: Thomas, 97-0881 (La.10/10/97), 700 So.2d 490, we imposed a fifteen-month suspension, with six months deferred, on an attorney who failed to file tax returns for two years. These cases demonstrate the baseline sanction for respondent's misconduct is a suspension.
As aggravating factors, we recognize respondent's prior disciplinary record, his dishonest or selfish motive and a pattern of misconduct. We are unable to discern any mitigating factors from the record. However, we acknowledge that respondent has taken steps to satisfy his outstanding tax obligations.
Under the circumstances of this case, we conclude the appropriate sanction is a suspension from the practice of law for a period of one year, with six months deferred, subject to a two-year period of probation and the conditions articulated by the disciplinary board.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered Jeffrey S. Wittenbrink, Louisiana Bar Roll number 18511, is suspended from the practice of law for a period of one year. All but six months of said suspension shall be deferred, subject to a two-year period of probation and the conditions articulated by the disciplinary board. The deferred portion of the suspension may become executory, in the event of misconduct by the respondent during the period of suspension and probation. All costs and expenses in the matter are assessed against respondent in accordance with Supreme *25 Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
JOHNSON, J., dissents and would assign a more severe penalty.
VICTORY, J., dissents and would follow the Board's recommendation as to penalty.
TRAYLOR, J., dissents and assigns reasons.
JOHNSON, J., dissents.
I respectfully dissent in this matter for the reasons assigned by Justice Traylor.
TRAYLOR, Justice, dissents and assigns reasons.
I am inclined to disagree that respondent's failure to remit the sums withheld from his employees' paychecks did not amount to a conversion of funds for purposes of Rule 1.15; however, as determined by the disciplinary board, respondent's actions, did in fact, violate Rules 8.4(a) and 8.4(c), as they involved elements of deceit, dishonesty, fraud and misrepresentation. In the instant case, aggravating circumstances included respondent's prior disciplinary record, dishonest or selfish motive and a pattern of misconduct. Although there are no attorney discipline cases in this jurisdiction that involve the failure of an employer to remit withheld funds or to pay payroll taxes, this court has imposed harsher sanctions on attorneys charged with violating Rule 8.4(b) (commission of a criminal act adversely reflecting on a lawyer's honesty, trustworthiness, or fitness as a lawyer) of Rules of Professional Conduct stemming from federal convictions for failure to file personal income tax returns. See, In re: Gaudin, 00-2966 (La.5/7/01), 785 So.2d 763 (suspended from practice of law for a period of 18 months); In re: Thomas, 97-0881 (La.10/10/97), 700 So.2d 490 (suspended from practice for a period of 15 months, all but 9 months deferred and two year period of supervised probation); In re: Stout, 97-0217 (La.5/20/97), 694 So.2d 908 (suspended from practice for a period of 18 months, with 6 months deferred and two years of supervised probation subject to conditions recommended by disciplinary board). In conclusion, I would impose a harsher sanction.
NOTES
[1] In lieu of the imposition of formal charges, in December, 1999, the ODC offered respondent the opportunity to participate in the Practice Assistance and Improvement Committee Program. Respondent was permitted to participate in the ODC's diversion relative to a complaint concerning advance fees paid by a client which were deposited into respondent's operating account for which a proper accounting was not rendered. Supreme Court Rule XIX, § 10A(9) provides a diversion may be used as evidence of prior discipline in a subsequent proceeding.
[2] The board recognized there were no attorney disciplinary cases in this jurisdiction that involve the failure of an employer to remit withheld funds or to pay payroll taxes. However, it cited to numerous disciplinary cases where this court imposed sanctions on attorneys charged with violating Rule 8.4(b) (commission of a criminal act adversely reflecting on a lawyer's honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct stemming from federal convictions for failure to file personal income tax returns. See, In re: Gaudin, 00-2966 (La.5/7/01), 785 So.2d 763; In re: Thomas, 97-0881 (La.10/10/97), 700 So.2d 490; In re: Stout, 97-0217 (La.5/20/97), 694 So.2d 908.
[3] In its formal charges, the ODC charged respondent with a violation of Rule 1.15(a), which relates solely to the duty of an attorney to hold property of a client or third party in a separate fund. However, the arguments of the parties, both in the hearing committee and in this court, address Rule 1.15(b), which relates to conversion. Because respondent did not raise any procedural objections to the discussion of conversion, we assume the parties agreed the reference to Rule 1.15(a) in the formal charges was a typographical error, and that the ODC intended to charge a violation of Rule 1.15(b).
[4] We emphasize that this holding is limited to the unique facts of this case, and should not be interpreted as applying in any other context.