*156
 
 | ¶ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Harvey Wayne Cook, an attorney licensed to practice law in Louisiana.
 

 UNDERLYING FACTS
 

 The underlying facts of this matter are not in dispute, having been stipulated to by the parties. The joint written stipulations provide, in pertinent part:
 

 1) Respondent was admitted to practice law in the state of Louisiana on October 11, 1991. Respondent has no prior formal disciplinary action taken against his license.
 

 2) During the calendar years 2000 and 2001, Respondent was employed as an attorney by Lonny A. Myles, APLC d/b/a “Myles, Cook, and Day” or “Myles, Cook, Day and Hernandez”.
 

 3) Despite the fact that Respondent had gross income of $106,944 for the taxable year 2000, he failed to file a personal income tax return for the taxable year 2000 on or before April 16, 2001. Respondent never requested an extension of time in which to file his 2000 tax return.
 

 
 *157
 
 |24) Despite the fact that Respondent had gross income of $170,229 for the taxable year 2001, he failed to file a personal income tax return of the taxable year [2001] on or before [April 15, 2002]. Respondent never requested an extension of time in which to file his 2001 tax return.
 

 5) On March 30, 2007, a bill of information was filed in the Eastern District of Louisiana charging Respondent with two (2) counts of Misdemeanor Failure to File a Tax Return in violation of 26 U.S.C. § 7203 for the taxable years 2000 and 2001. The case was docketed as case number 2:07CR00119-001 “C”.
 

 6) By letter dated May 10, 2007, Respondent self-reported to the Office of Disciplinary Counsel that he was charged with the violations as set forth in Stipulation No. 5.
 

 7) On June 13, 2007 Respondent pled guilty to two (2) counts of Misdemeanor Failure to File a Tax Return in violation of 26 U.S.C. § 7203 for the taxable years 2000 and 2001 in violation of Rule 8.4(b) of the Rules of Professional Conduct.
 

 8) On October 3, 2007, Respondent was sentenced to five (5) years of supervised probation on each count to run concurrently. This sentence was below the federal advisory sentencing guideline range. Along with all the standard conditions of supervision, certain special conditions were imposed on Respondent, including:
 

 * Must provide the probation officer with access to any requested financial information.
 

 ⅜ Shall not incur new credit charges or open additional lines of credit without approval of the probation officer unless he is in compliance with the installment payment schedule.
 

 * Shall participate in an orientation and life skills program as directed by the probation officer.
 

 |s* Shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until he is released from the program by the probation officer.
 

 ⅜ Shall participate in a program of mental health treatment, as directed by the probation officer, until he is released from the program by the probation officer.
 

 * Shall pay restitution in the amount of $121,233.00, an assessment in the amount of $50.00, and prosecutorial costs in the amount of $1,704.00.
 

 * Shall be placed on home detention for a period of twelve (12) months.
 

 DISCIPLINARY PROCEEDINGS
 

 In March 2009, the ODC filed one count of formal charges against respondent, alleging that his misconduct as set forth above violated Rule 8.4(b) of the Rules of Professional Conduct.
 
 [1]
 
 Respondent answered the formal charges and admitted the factual allegations contained therein. However, he denied the allegations “reflect on his honesty, trustworthiness or fitness as a lawyer.” In addition, respondent stated he was “amicable to entering into a Stipulation of Facts and setting this matter for a hearing on Mitigation of Sanctions.”
 

 _J¿Formal Hearing
 

 This matter proceeded to a formal hearing solely for the purpose of considering mitigating evidence. Respondent appeared at the hearing and was represented
 
 *158
 
 by counsel. He introduced documentary evidence, including the Statement of Reasons set forth by United States District Judge Helen G. Berrigan, which indicated respondent’s offenses were motivated by financial pressure and family problems rather than greed.
 
 [2]
 

 Respondent also called several witnesses to testify about his character. Collectively, these character witnesses testified that respondent is a sincere, honest, and dedicated member of Court Appointed Special Advocates (“CASA”) and OPTIONS, a program for people with disabilities. Finally, they testified that respondent is a very competent real estate attorney and a loving and devoted father to his teenage daughter.
 

 |
 
 ¿Hearing Committee Report
 

 After reviewing the testimony and the evidence presented at the hearing, the hearing committee determined respondent violated Rule 8.4(b) of the Rules of Professional Conduct. The committee determined respondent’s failure to file income tax returns was a criminal act that reflects adversely on his moral fitness to practice law, in violation of the Rules of Professional Conduct. The committee noted the failure to file income tax returns is professional misconduct that reflects poorly on a profession as a whole, even though the offense may have nothing to do with client representation. Additionally, the committee noted a tax loss to the government constitutes actual injury. Relying on the
 
 ABA’s Standards for Imposing Lawyer Sanctions,
 
 the committee determined suspension is the baseline sanction.
 

 The committee determined there were no aggravating factors present. In mitigation, the committee identified several factors, including the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, personal or emotional problems, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, character or reputation, imposition of other penalties or sanctions, and remorse.
 

 Relying on this court’s prior jurisprudence, the committee recommended respondent be suspended from the practice of law for six months, with three months deferred, followed by a one-year period of supervised probation.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 \fPisciplinary Board Recommendation
 

 After reviewing the record, the disciplinary board determined the hearing committee accepted the joint stipulations of fact as its factual findings and concurred in the committee’s factual findings. The board noted the joint stipulations of fact established respondent entered a guilty plea to the misdemeanor offense of failure to file his tax return. The board also pointed out the certificate of respondent’s conviction
 
 *159
 
 introduced into evidence by the ODC provided conclusive evidence of his guilt. Based on these facts, the board determined respondent violated Rule 8.4(b) of the Rules of Professional Conduct as charged.
 

 The board found respondent knowingly violated a duty owed to the public. The board determined respondent’s commission of a criminal act undermines the public confidence in the integrity of attorneys. The board also found respondent’s failure to promptly pay his taxes resulted in some harm to the public fiscal system. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined the applicable baseline sanction in this matter is suspension.
 

 In aggravation, the board cited respondent’s substantial experience in the practice of law, as he was admitted to the bar in 1991. In mitigation, the board recognized the following factors: the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, personal or emotional problems, full and free disclosure to the disciplinary board and a cooperative attitude towards the proceedings, character or reputation, imposition of other penalties or sanctions, and remorse.
 

 17After considering respondent’s misconduct in light of this court’s prior jurisprudence, the board recommended respondent be suspended from the practice of law for six months, with three months deferred, followed by a one-year period of supervised probation.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57.
 

 Based on respondent’s stipulations and the other evidence establishing his conviction of misdemeanor failure to file a tax return in violation of 26 U.S.C. § 7203, it is clear he has violated Rule 8.4(b) of the Rules of Professional Conduct. Therefore, the sole issue presented for this court’s consideration is the appropriate sanction for this misconduct.
 

 Prior to 1997, we typically imposed fully-deferred suspensions on attorneys convicted of the misdemeanor offense of failure to file tax returns.
 
 [3]
 
 See,
 
 e.g., In re: Early,
 
 93-2973 (La.1/7/94), 628 So.2d 1131 (six-month | ^suspension, deferred, with probation for one year, for misdemeanor conviction of willful failure to file income tax returns);
 
 In re: Ellerman,
 
 626 So.2d 1188 (La.1993) (two-year suspension, deferred, based on misdemeanor conviction of four counts of willful failure to file income tax returns).
 

 We departed from this jurisprudence in
 
 In re: Huckaby,
 
 96-2643 (La.5/20/97), 694 So.2d 906, in which we imposed a one-year suspension, with six months deferred (resulting in a six-month actual suspension), on an attorney and former judge convicted of misdemeanor failure to file income tax returns. The
 
 Huckaby
 
 court acknowl
 
 *160
 
 edged Louisiana had never previously imposed an actual period of suspension in a disciplinary case arising from a conviction for misdemeanor failure to file.
 
 Id.
 
 at p. 3, 694 So.2d at 907, fn. 2. Nonetheless, the
 
 Huckaby
 
 court found an actual period of suspension was warranted under the facts presented:
 

 Based upon our review of the record, we agree with disciplinary counsel that the facts of this case warrant a greater sanction than that recommended by the disciplinary board. We find that several aggravating factors are present in this case. First, respondent’s actions occurred over a number of years, demonstrating a pattern of misconduct. Although respondent only pled guilty to one count of violating 26 U.S.C. § 7203, based on his failure to file a federal income tax return for 1987, the presen-tencing investigation from the federal court revealed that respondent had also failed to file his tax returns in a prompt fashion for twelve other years. Secondly, the very nature of respondent’s actions, which the federal court found to be intentional and willful, indicates a selfish or dishonest motive on the part of respondent. Finally, we feel that respondent’s substantial experience in the practice of law, combined with the fact that he held the office of district judge, requires that he should be held to even a higher standard of conduct than an ordinary attorney.
 

 19In imposing discipline, we are mindful that respondent has been punished for his conduct, in that he has served a one year jail sentence and was removed from office by this court. Nonetheless, we believe that an actual period of suspension is justified under the circumstances. Therefore, we conclude that a one year suspension from the practice of law, with six months of the suspension being deferred, and a two year period of supervised probation subject to the conditions recommended by the disciplinary board, is an appropriate sanction in this matter.
 

 Id.
 
 at p. 2, 694 So.2d at 907 [footnotes omitted].
 

 Following the rendition of
 
 Huckaby
 
 in 1997, we addressed several other disciplinary cases involving lawyers who were convicted of misdemeanor failure to file income tax returns. In each of these cases, we imposed suspensions ranging from one year to eighteen months, with some period of the suspension deferred.
 
 See, e.g., In re: Stout,
 
 97-0217 (La.5/20/97), 694 So.2d 908 (eighteen-month suspension, with six months deferred, imposed on an attorney and former city court judge who failed to file timely tax returns for a total of eight years and still owed a substantial sum in tax liability);
 
 In re: Thomas,
 
 97-0881 (La.10/10/97), 700 So.2d 490 (fifteen-month suspension, with all but nine months deferred, imposed on an attorney who served on a public board and had a prior disciplinary record, who was convicted of failing to file tax returns for two years and was ordered to pay more than $100,000 in restitution for unpaid taxes);
 
 In re: Shealy,
 
 97-0835 (La.10/10/97), 700 So.2d 488 (one-year suspension, with all but six months deferred, imposed on an attorney who was a member of the school board, who was convicted of failing to file a tax return for one year and was ordered to pay nearly $30,000 in restitution for unpaid taxes);
 
 In re: Rodney,
 
 08-2318 (La.10/31/08), 993 So.2d | in218 (one-year suspension, with six months deferred, by consent, imposed on an attorney who failed to file an income tax return timely, despite receiving an extension).
 

 Considering this jurisprudence as a whole, we conclude the discipline imposed in similar cases has been in the form of
 
 *161
 
 suspensions from the practice of law ranging from six months to two years, all or part of which may be deferred. In distilling a common thread from the cases, we find four principal factors
 
 [4]
 
 have influenced our decisions regarding sanctions in this area: (1) whether there is a pattern of failure to file over a number of years; (2) the amount of money involved; (3) whether the respondent’s actions were selfish or dishonest in nature; and (4) whether respondent is held to a higher standard as a result of having a position as a public official.
 
 [5]
 
 Applying these factors to the instant case, we find:
 

 (1) Respondent’s conviction involved failure to file income tax returns for two years, which is considerably less than the twelve years in
 
 Huckaby
 
 and the eight years in
 
 Stout.
 

 (2) Respondent owes restitution of $121,233.00, which is comparable to the $100,000 restitution in
 
 Thomas,
 
 but greater than the $30,000 in restitution in
 
 Shealy.
 

 (3) The hearing committee and disciplinary board found respondent did not act with a dishonest or selfish motive. Additionally, the federal court found respondent “was not motivated by greed or other selfish motives but rather hit a period of financial pressure and problems due to family matters.”
 

 | n(4) Respondent is not a current or former public official.
 

 An analysis of these factors suggests the appropriate sanction for respondent’s misconduct falls on the lower end of the range of discipline imposed in similar cases. Additionally, we are cognizant of the numerous mitigating factors present in this case, including respondent’s lack of a prior disciplinary record, personal or emotional problems, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, character or reputation, imposition of other penalties or sanctions, and remorse.
 

 Considering all the facts of this case, we conclude a six-month suspension from the practice of law, with three months deferred, followed by a one-year period of supervised probation, is the appropriate sanction for respondent’s misconduct.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Harvey Wayne Cook, Louisiana Bar Roll number 20759, be suspended from the practice law for a period of six months. Three months of this suspension shall be deferred, subject to respondent’s successful completion of a one-year period of supervised probation. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any misconduct during the period of probation may be grounds for making the deferred portion of the suspension executory or imposing additional discipline as appropriate. All costs and expenses in the matter are assessed | l2against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days
 
 *162
 
 from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . Rule 8.4(b) provides "[i]t is professional misconduct for a lawyer to ... [c]ommit a criminal act especially one that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other re-spectsf.]”
 

 [2]
 

 . The federal court stated:
 

 Tax cheating is serious, but in this case, it appears [respondent] was not motivated by greed or other selfish motives but rather hit a period of financial pressure and problems due to family matters.
 

 [Respondent] appears to be an excellent and devoted father. Despite his divorce, he has provided substantial support, both financially and personally, to his daughter. He also appears to be an unusually altruistic contributing member of this community. I am familiar with CASA, having served briefly on the Board here in New Orleans and know the type of commitment that entails. I am also impressed with his involvement [in] OPTIONS, a program for persons with disabilities. Both of these organizations are committed to assisting disadvantaged people and it's to [respondent’s] credit that he used his free time in those directions.
 

 [3]
 

 . At the outset, we distinguish cases involving misdemeanor failure to file tax returns from cases in which the lawyer is convicted of more serious crimes such as tax evasion or filing false returns. In these cases, this court has consistently imposed actual suspensions.
 
 See, e.g., Louisiana State Bar Association v. O'Halloran,
 
 412 So.2d 523 (La.1982);
 
 Louisiana State Bar Association v. Ponder,
 
 340 So.2d 134 (La.1976).
 

 [4]
 

 . We acknowledge some of these factors overlap the general aggravating and mitigating factors listed in the ABA's
 
 Standards for Imposing Lawyer Sanctions.
 
 However, we find the enumerated factors have particular relevance in the context of determining discipline for lawyers convicted of misdemeanor failure to file tax returns and should be weighted accordingly.
 

 [5]
 

 . In addition to
 
 Huckaby,
 
 the cases of
 
 Stout, Thomas
 
 and
 
 Shealy
 
 all involved attorneys who served as public officials.